UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **CARL CULP**, *et al.*, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | Cause No. 1:19-cv-00106-WCL-SLC |
| ) | |
| **STEVE REED** *in his official capacity,* ) | |
| *as Chief of the Fort Wayne Police* ) | |
| ***Department***, *et al.*, ) | |
| ) | |
|     Defendants. ) | |

## OPINION AND ORDER

Before the Court is a Motion to Enforce this Court's Order and Request for Sanctions (ECF 59), together with a supporting brief (ECF 60), filed by Plaintiffs on February 22, 2021, requesting that the Court require Defendant Steve Reed, in his official capacity as Chief of Fort Wayne Police Department ("FWPD") ("Chief Reed"), and FWPD Defendant officers (collectively, the "FWPD Defendants") to fully answer certain Interrogatories as previously ordered by the Court on January 7, 2021 (ECF 53, 54).[1] Plaintiffs also ask that the Court stay their response deadline to the pending motions for summary judgment until FWPD Defendants have complied with the Court's prior Order to fully answer the Interrogatories.[2] Additionally, Plaintiffs seek their reasonable expenses incurred

---

[1] Plaintiffs also sued Defendant David Gladieux in his official capacity as Sheriff of the Allen County Sheriff's Department ("ACSD") and various ACSD Defendant officers (collectively, the "ACSD Defendants"). (ECF 1). When referring to both FWPD Defendants and ACSD Defendants in this Order, the Court shall simply use the term "Defendants."

[2] FWPD Defendants and ACSD Defendants each filed summary judgment motions on December 7, 2020. (ECF 46, 48). After the instant motion to enforce was fully briefed, Plaintiffs filed separate motions pursuant to Federal Rule of Civil Procedure 56(d) asking that the Court defer consideration of the two summary judgment motions until FWPD Defendants have fully answered the interrogatories as previously ordered by the Court. (ECF 63, 65). Nevertheless, at the same time, Plaintiffs filed response briefs and supporting evidence in opposition to the summary judgment motions. (ECF 68 to ECF 71). Plaintiffs explain that their filing of such response briefs and supporting evidence "is not a concession that [they] have the facts necessary to oppose summary judgment because the response . . . is submitted under objection to the prejudice of not having complete discovery and under the prejudice of having to guess what facts are material to [FWPD Defendants'] specific legal arguments." (ECF 68 at 1

in making this motion pursuant to Rule 37(b)(2)(C).[3] FWPD Defendants filed a response in opposition to the motion on March 8, 2021 (ECF 61), and Plaintiffs filed a reply on March 15, 2021 (ECF 62). Therefore, the motion is ripe for adjudication. For the following reasons, Plaintiffs' motion will be GRANTED IN PART and DENIED IN PART.

### A. Procedural Background

On March 21, 2019, Plaintiffs filed this 42 U.S.C. § 1983 suit against Defendants, alleging that Defendants violated their rights under the Fourth and Fourteenth Amendments, the Rehabilitation Act, and the Americans With Disabilities Act ("ADA") as a result of an encounter with Defendant officers on August 20, 2018. (ECF 1). The Court conducted a preliminary pretrial conference on May 23, 2019, setting a discovery deadline of March 2, 2020, which was later extended to November 6, 2020. (ECF 21, 27, 35, 37).

On November 6, 2020, Plaintiffs filed a motion to compel discovery responses from FWPD Defendants, seeking fully responsive answers and responses to their first set of interrogatories and first request for production of documents served on June 27, 2019, and their second request for production of documents served on October 7, 2020. (ECF 38, 39). The motion to compel was fully briefed by the parties as of December 7, 2020. (ECF 39 to ECF 45). However, on December 7, 2020—before the Court had addressed the discovery dispute—FWPD Defendants and ACSD Defendants each filed motions for summary judgment. (ECF 46, 48).

On January 7, 2021, the Court held a hearing on the motion to compel. (ECF 52, 53). After oral argument by counsel, the Court granted the motion to compel in part and denied it in part for the

---

n.1; ECF 70 at 1 n.1).

[3] Unless otherwise noted, all of the rules discussed in this Order are Federal Rules of Civil Procedure, and thus, the Court will use the term "Rule" when referring to them.

reasons stated on the record. (ECF 53, 54). Pertinent to the instant motion, the Court granted the motion to compel with respect to Interrogatory Nos. 6 and 7 (to FWPD Defendant officers) and Interrogatories 2, 3, and 8 (to Chief Reed), ordering them to produce supplemental answers and responses to Plaintiffs on or before January 28, 2021. (ECF 54). The Court denied both parties' requests for attorney fees under Rule 37(a)(5). (*Id.*). Neither party appealed that Order to the District Judge, and the time to do so has now passed. *See* Fed. R. Civ. P. 72(a) (stating that a magistrate judge's ruling is not appealable unless an objection is filed with the district judge within fourteen days of the ruling).

FWPD Defendants served the supplemental discovery responses to Plaintiffs on January 27, 2021. (ECF 60 at 2; ECF 60-1). After reviewing the supplemental responses, Plaintiffs' counsel emailed FWPD Defendants' counsel on February 8, 2021, outlining various alleged deficiencies in the supplemental responses. (ECF 60 at 3; ECF 59-2 at 3-4). The next day, FWPD Defendants' counsel responded in an email that FWPD Defendants would minimally supplement Interrogatory No. 5(A)(4), but stated that their other responses were complete and they were not going to remove certain objections.[4] (*Id.*). Plaintiffs' counsel responded that same day in an email, acknowledging FWPD Defendants' position that they would not further amend the responses to Interrogatories 6, 7, and 8, and stating that Plaintiffs would seek the Court's assistance and ask for sanctions. (ECF 59-2 at 2). Plaintiffs filed the instant motion to enforce and supporting brief on February 22, 2021. (ECF 59, 60).

### B. Applicable Law

Rule 37(b)(2)(A) provides that "[i]f a party or a party's officer, director, or managing agent .

---

[4] Accordingly, FWPD Defendants served only its supplemental response to Interrogatory No. 5(A)(4) to Plaintiffs on February 17, 2021. (ECF 60 at 3; ECF 60-2).

. . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." These orders may include "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims," "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," or "staying further proceedings until the order is obeyed." Fed. R. Civ. P. 37(b)(2)(A). Instead of or additionally, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

### C. Discussion

1. <u>Meet and Confer Requirement</u>

As a threshold matter, FWPD Defendants contend that Plaintiffs' motion should be summarily denied because Plaintiffs' counsel failed to confer in good faith or attempt to confer in good faith with FWPD Defendants' counsel to resolve the dispute without court action, as required by Rule 37 and Northern District of Indiana Local Rule 37-1. (ECF 61 at 14-15). FWPD Defendants argue that two emails in one direction and one email in the other does not constitute an attempt to confer in good faith. (*Id.* at 15 (citing *Sparks v. Noble Cnty. Sheriff*, No. 1:20-cv-00187-WCL-SLC, 2021 WL 542457, at *1 (N.D. Ind. Jan. 29, 2021)); *see* ECF 59-1, 59-2).

But the instant motion is not a motion to compel, it is a motion to enforce the Court's Order. Plaintiffs already have a ruling in their favor on the motion to compel FWPD Defendant officers to answer Interrogatories 6 and 7 and Chief Reed to answer Interrogatories 2, 3, and 8. (ECF 53, 54). At that time, Plaintiffs adequately demonstrated that their counsel had conferred in good faith or

4

attempted to confer in good faith with FWPD Defendants' counsel prior to filing the motion to compel. (*See* ECF 38-1, 38-2). In any event, FWPD Defendants' counsel clearly conveyed in her February 8, 2021, email to Plaintiffs' counsel that FWPD Defendants considered their supplemental answers to Interrogatories 6, 7, and 8 "complete." (ECF 59-2 at 3). As such, contrary to FWPD Defendants' assertion, the requirements of Rule 37(a)(1) and Local Rule 37-1(a) do not bar Plaintiffs' motion to enforce.

    2. <u>Interrogatory Nos. 2, 3, 6, and 7</u>

Turning to the substance of the motion to enforce, Interrogatory No. 6 (to FWPD Defendant officers) and Interrogatory No. 2 (to Chief Reed) are contention interrogatories pertaining to FWPD Defendants' affirmative defenses, and Interrogatory No. 7 (to FWPD Defendant officers) and Interrogatory No. 3 (to Chief Reed) are contention interrogatories pertaining to FWPD Defendants' denial of allegations in the complaint. In granting the motion to compel, the Court found FWPD Defendants' answers to Interrogatories 2, 3, 6, and 7 non-responsive and overruled their objection that the Interrogatories improperly seek mental impressions of counsel. (ECF 54 at 1).

In the instant motion, Plaintiffs contend that FWPD Defendant officers' supplemental answers to the foregoing Interrogatories are "barely any better and . . . arguably worse" than their prior answers. (ECF 60 at 6). Indeed, in their supplemental answers to the contention interrogatories—that is, Interrogatories 2, 3, 6, and 7—FWPD Defendants for the most part simply refer Plaintiffs to FWPD Defendants' initial disclosures, supplemental initial disclosures, and motion for summary judgment and memorandum in support. (*See* ECF 60-1 at 26-29, 43-46, 59-62, 74-77, 101-03). While Rule 33(d) allows a party, in certain circumstances, to answer an interrogatory by specifying business records to be reviewed and giving the interrogating party a reasonable

5

opportunity to examine them, "[Rule] 33(d) applies only to business records, and not to court papers, such as pleadings and deposition transcripts." Jay E. Grenig & Jeffrey S. Kinsler, *Handbook of Federal Civil Discovery & Disclosure* § 8:24 (4th ed. 2020). In any event, "Rule 33(d) does not apply to contention interrogatories like Interrogatory [Nos. 2, 3, 6, and 7.]" *United States v. Supervalu, Inc.*, No. 11-3290, 2018 WL 3219448, at *2 (C.D. Ill. July 2, 2018); *see also United States ex rel. Landis v. Tailwind Sports Corp.*, 317 F.R.D. 592, 594-95 (D.C. 2016). As such, FWPD Defendants have not adequately complied with the Court's Order on the motion to compel with respect to Interrogatory Nos. 2, 3, 6, and 7. Therefore, the motion to enforce will be GRANTED as to these Interrogatories.

    3. <u>Interrogatory No. 8</u>.

Interrogatory No. 8 (to Chief Reed) seeks information about accusations of battery, assault, excessive force, or violations of the ADA against FWPD Defendant officers in the last ten years. In the Order on the motion to compel, the Court found that Chief Reed's answer to Interrogatory No. 8 referring Plaintiffs to "Chief Reed's response to request for production of documents" was not specific enough under Rule 33(d), and ordered Chief Reed to answer in sufficient detail to describe the incidents. (ECF 54 at 2).

Chief Reed's supplemental answer more specifically refers Plaintiffs to Disc 5 (*see* ECF 40) and the specific location on that Disc where each FWPD Defendant officer's FWPD Internal Affairs Personnel Record is located. (ECF 60-1 at 13). Chief Reed explains that each Personnel Record has five columns: "Charge," "Incident Date," "Finding," "Date of Finding," and "Action Taken." (*Id.*). As to "'accusations' made in lawsuits," Chief Reed additionally refers Plaintiffs to his answer to Interrogatory No. 7 (as narrowed by the Court (ECF 54 at 2)), which describes five lawsuits against

FWPD officers in the past seven years involving a violation of the ADA in an officer encounter. (ECF 60-1 at 11-12). Additionally, Chief Reed in his response brief refers Plaintiffs to FWPD Defendant officers' supplemental answers to Interrogatory No. 5, in which each officer provided descriptions of "any discipline, reprimand, or accusation of misconduct" received during his or her employment. (ECF 61 at 11-14).

Nevertheless, Plaintiffs argue that Chief Reed's supplemental answer to Interrogatory No. 8 still fails to provide sufficient detail to describe the incidents. (ECF 60 at 12). Plaintiffs further argue that Chief Reed's referral to Interrogatory No. 7 fails to remedy that deficiency because Interrogatory No. 7 is narrower than Interrogatory No. 8. (*Id.*). But Plaintiffs' arguments are unpersuasive. Chief Reed has sufficiently described the incidents by specifying the business records that must be reviewed—FWPD Defendant officers' Internal Affairs Personnel Records on Disc 5—in sufficient detail to allow Plaintiffs to locate and identify the incidents. *See* Fed. R. Civ. P. 33(d). Additionally, Chief Reed has referred Plaintiffs to his supplemental answer to Interrogatory No. 7 and FWPD Defendant officers' supplemental answers to Interrogatory No. 5. As such, Chief Reed has adequately complied with the Court's Order on the motion to compel with respect to Interrogatory No. 8. Therefore, the motion to enforce will be DENIED as to this Interrogatory.

    4. Request for Relief

        *a. Stay of Plaintiffs' Response Deadline*

Plaintiffs seek two forms of relief under Rule 37(b)(2). First, Plaintiffs ask that the Court stay their response brief deadline on the pending summary judgment motions until FWPD Defendants have complied with the Court's prior Order to fully answer the Interrogatories, so that Plaintiffs are "on a fair footing on the merits" with Defendants when responding to the motions.

(ECF 62 at 14). FWPD Defendants respond that Plaintiffs' request to stay the deadline should be denied because Plaintiffs do not explain in their motion how the deficient discovery responses have any bearing on Plaintiffs' response to FWPD Defendants' summary judgment motion. (ECF 61 at 17).

But FWPD Defendants are attempting to apply an improper legal standard—Rule 56(d) rather than Rule 37(b). "Rule 37 authorizes a Court to sanction a party for failing to obey [court orders] to provide or permit discovery." *Shabazz v. Arandell Corp.*, No. 11-C-315, 2012 WL 5272490, at *2 (E.D. Wis. Oct. 24, 2012) (citation and internal quotation marks omitted). The Court has "power to levy sanctions against court participants so as to effectuate compliance with the [C]ourt's discovery directives inheres in its role as administrator of the litigation." *Sweat v. Peabody Coal Co.*, 94 F.3d 301, 306 (7th Cir. 1996) (citing Fed. R. Civ. P. 37(b)(2), (d)); *see EEOC v. Kenosha Unified Sch. Dist. No. 1*, 620 F.2d 1220, 1226 (7th Cir. 1980) (awarding Rule 37 sanctions and stating "the trial judge must exercise his discretion to protect the discovery process and integrity of the court"); *Doe 1 v. City of Chi.*, No. 18-cv-3054, 2019 WL 5290899, at *10 (N.D. Ill. Oct. 18, 2019) ("The Court exercises its substantial discretion in managing discovery and ensuring that its orders are complied with through . . . Rule 37 sanctions.").

Here, one of the available sanctions under Rule 37(b)(2)(A) is to stay further proceedings until the Court's prior Order on the motion to compel is obeyed. The Court finds that sanction to be appropriate and equitable in this circumstance, as Plaintiffs should not be denied FWPD Defendants' fully-compliant answers to Interrogatory Nos. 2, 3, 6, an 7 when crafting their response to the summary judgment motions. A brief stay of Plaintiffs' response deadline to the summary judgment motions until FWPD Defendants fully complies with the Court's prior Order will not unduly

8

prejudice Defendants, nor will it unduly delay this case. Rather, a brief stay of the briefing process will ensure that the summary judgment motion is adjudicated fairly on the merits. *See generally Larsen v. City of Beloit*, 130 F.3d 1278, 1286 (7th Cir. 1997) (recognizing the court's "inherent powers to manage the litigation before it"); *Cooper v. Nameoki Twp.*, No. 14-cv-634-SMY-DGW, 2014 WL 5904580, at *1 (S.D. Ill. Nov. 13, 2014) ("Courts . . . prefer to decide cases on their merits." (citation omitted)). Accordingly, while Plaintiffs in exercising caution have already filed response briefs to the summary judgment motions (ECF 68, 70), Plaintiffs will be afforded to and including fourteen days after FWPD Defendants produce and file their supplemental answers to Interrogatory Nos. 2, 3, 6, and 7 to file, if necessary, an amended response brief to FWPD Defendants' summary judgment motion.[5]

### b. Reasonable Expenses

Plaintiffs also ask that the Court require FWPD Defendants to pay Plaintiffs' reasonable expenses incurred in making the motion to enforce pursuant to Rule 37(b)(2)(C). (ECF 60 at 16). As explained earlier, when a party fails to comply with a court order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

FWPD Defendants oppose Plaintiffs' request for expenses, asserting that FWPD Defendants, not Plaintiffs, should be awarded their reasonable expenses incurred in opposing the motion to enforce pursuant to Rule 37(a)(5)(B). (ECF 61 at 16-17). But Rule 37(a)(5)(B) addresses expenses

---

[5] Because Plaintiffs advance a separate Rule 56(d) argument in its Motion to Defer Consideration of Allen County's Summary Judgment Motion (ECF 65), the Court will set that motion for a hearing at which Plaintiffs' new response deadline to ACSD Defendants' summary judgment motion will be determined.

in a motion to compel, not expenses in a motion asserting that a party failed to comply with a court order. As a result, FWPD Defendants' request for its reasonable expenses is unpersuasive. To reiterate, the Court already ruled on Plaintiffs' motion to compel and denied the parties' request for expenses as to that motion. Neither side appealed that ruling to the District Judge.

Returning to Plaintiffs' request for its reasonable expenses under Rule 37(b)(2)(C), as concluded above, the motion to enforce will be granted as to Interrogatory Nos. 2, 3, 6, and 7 but denied as to Interrogatory No. 8. The Court finds that FWPD Defendants' failure to comply with the Order on the motion to compel as to Interrogatory Nos. 2, 3, 6, and 7 was not "substantially justified," and there are no "other circumstances [that] make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Accordingly, because the motion was granted in part and denied in part, the Court will award Plaintiffs a two-thirds portion of their reasonable expenses, including attorney fees, incurred in making the motion to enforce, pending Plaintiffs' submission of an affidavit itemizing such expenses.[6] FWPD Defendants shall have fourteen days after Plaintiffs' filing of the affidavit to file a response to the affidavit, if necessary.

### D. Conclusion

For the foregoing reasons, Plaintiffs' Motion for Enforcement of this Court's Order and Request for Sanctions (ECF 59) is GRANTED as to Interrogatory Nos. 2, 3, 6, and 7, but DENIED as to Interrogatory No. 8. FWPD Defendants are to fully COMPLY with the Court's prior Order (ECF 53, 54) and provide Plaintiffs with—and file on the record—complete supplemental answers to contention Interrogatory Nos. 2, 3, 6, and 7 on or before April 22, 2021.

---

[6] Plaintiffs argue their motion in essentially three groupings: Interrogatory Nos. 2 and 6, Interrogatory Nos. 3 and 7, and Interrogatory No. 8. (*See* ECF 60, 62). Accordingly, the Court finds that awarding two-thirds of Plaintiffs' reasonable expenses is equitable, given that Plaintiffs were successful in two of their three arguments.

FWPD Defendants are further ORDERED to pay a two-thirds portion of Plaintiffs' reasonable expenses, including attorney fees, incurred in making the Motion for Enforcement, pending Plaintiffs' filing of an affidavit itemizing such expenses.  FWPD Defendants shall have fourteen days after Plaintiffs' filing of the affidavit to file a response to the affidavit, if necessary.

Plaintiffs are AFFORDED to and including May 6, 2021, to file an amended response brief to FWPD Defendants' pending motion for summary judgment (ECF 48).  In turn, FWPD Defendants shall have to and including May 20, 2021, to file their reply brief.  Plaintiffs' Motion to Defer Consideration of Fort Wayne's Summary Judgment Motion (ECF 63) is DEEMED MOOT.

Plaintiff's Motion to Defer Consideration of Allen County's Summary Judgment Motion (ECF 65) is SET for a telephonic hearing on April 20, 2021, at 11:00 a.m.  Further briefing on ACSD Defendants' summary judgment motion (ECF 46) is STAYED pending the hearing.

SO ORDERED.

Enter for this 8th day of April 2021.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge