UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CARL CULP, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL NO. 1:19cv106 |
| ) | |
| STEVE REED, in his official capacity, ) | |
| as Chief of the Fort Wayne Police ) | |
| Department, *et al.*, ) | |
| ) | |
| Defendants. ) | |

<u>OPINION AND ORDER</u>

This matter is before the Court on a "Federal Rule of Civil Procedure 72 Objection to Opinion and Order Granting Motion to Enforce Court Order and Request for Sanctions, Doc. 76", filed by the FWPD Defendants on April 14, 2021.  The Plaintiffs, Carl Culp and Roberta Culp, responded to the motion on April 27, 2021, to which the FWPD Defendants replied on May 4, 2021.  For the following reasons, the Objection will be denied.

<u>Discussion</u>

This case is a civil rights action in which the Culps allege that various police officers beat Carl Culp in the presence of his wife, Roberta Culp, violating their rights under the Fourth and Fourteenth Amendments, the Rehabilitation Act (Carl is a paraplegic double amputee who uses a wheelchair), and the Americans With Disabilities Act.

On November 6, 2020, the Culps filed a motion to compel against the FWPD Defendants, seeking fully responsive discovery answers and responses to interrogatories and requests for production of documents served on June 27, 2019.  On January 8, 2021, Magistrate Judge Susan Collins issued an Order denying in part and granting in part the motion to compel. [DE 54]

Magistrate Collins ordered the FWPD Defendants to supplement their discovery responses by January 28, 2021. Neither side filed Objections to this Order.

The FWPD Defendants served their supplemental responses on January 27, 2021, but the Culps were unhappy with the responses and filed, on February 22, 2021, a motion to enforce the January 8, 2021 Order granting in part the motion to compel. The Culps also requested sanctions. On April 8, 2021, Magistrate Judge Collins granted in part and denied in part the motion to enforce, and ordered, as sanctions, that the FWPD Defendants pay two-thirds of the Culps' reasonable expenses, including attorney fees, incurred in filing and defending their motion to enforce. It is this April 8 Order that is the subject of the current Objection filed by the FWPD Defendants.

Earlier, on December 12, 2020, the Defendants filed a motion for summary judgment. The Culps filed a response on March 22, 2021, but also filed a motion to defer consideration of the summary judgment motion until after the discovery disputes have been resolved. Magistrate Judge Collins granted the motion to defer consideration during a telephone hearing on April 20, 2021.

Magistrate Judge Collins' Order granted the motion to enforce with respect to Interrogatory Nos. 2, 3, 6, and 7. Interrogatory No. 2 and Interrogatory No. 6 requests facts and evidence the FWPD Defendants contend support their affirmative defenses. Interrogatory No. 3 and Interrogatory No. 7 pertain to the FWPD Defendants' denial of allegations in the complaint. The FWPD Defendants objected to these interrogatories because they allegedly "seek the mental impressions of defense counsel". The answers to the interrogatories then refers to various documents in the case, such as the answer to complaint, initial disclosures, supplemental initial

2

disclosures, motion for summary judgment and memorandum in support.  The FWPD Defendants contended that they had thus provided a complete answer to all of the subject interrogatories.

Magistrate Judge Collins disagreed with the FWPD Defendants, holding that:

> While Rule 33(d) allows a party, in certain circumstances, to answer an interrogatory by specifying business records to be reviewed and giving the interrogating party a reasonable opportunity to examine them, "[Rule] 33(d) applies only to business records, and not to court papers, such as pleadings and deposition transcripts." Jay E. Grenig & Jeffrey S. Kinsler, *Handbook of Federal Civil Discovery & Disclosure* § 8:24 (4th ed. 2020). In any event, "Rule 33(d) does not apply to contention interrogatories like Interrogatory [Nos. 2, 3, 6, and 7.]" *United States v. Supervalu, Inc.*, No. 11-3290, 2018 WL 3219448, at *2 (C.D. Ill. July 2, 2018); *see also United States ex rel. Landis v. Tailwind Sports Corp.*, 317 F.R.D. 592, 594-95 (D.C. 2016). As such, FWPD Defendants have not adequately complied with the Court's Order on the motion to compel with respect to Interrogatory Nos. 2, 3, 6, and 7. Therefore, the motion to enforce will be GRANTED as to these Interrogatories.

In its Objection to the Order, the FWPD Defendants complain that citations to Rule 33(d) were not given to them in the earlier Order granting the Culps' motion to compel, and that the Order also did not provide them with any instructions regarding whether they could cite to initial disclosures, supplemental disclosures, or the motion for summary judgment.

Under Fed. R. Civ. P. 72(a), the standard of review employed by a district court reviewing non-dispositive matters is the clearly erroneous standard. A Magistrate Judge's ruling may only be overturned "if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). The district court should not overturn a decision by the Magistrate Judge merely because the district court could come to a different conclusion. *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006).

This Court finds no error in Magistrate Judge Collins' Order.  It was not error for her to

expect trial attorneys to know the Federal Rules of Civil Procedure, especially those concerning discovery matters, without having the Rules dictated to them in a formal Order.  The FWPD Defendants were on notice that their "mental impressions" objection was not well-taken, and that they were expected to answer the interrogatories.  However, they chose to send the Culps on a hunt through various pleadings scattered throughout the record instead of actually answering the interrogatories. It is not surprising that Magistrate Judge Collins was not amused. The Objection to the Order will be denied.[1]

The Culps seek sanctions against the FWPD Defendants pursuant to Rule 37(b) for failing to comply with Magistrate Judge Collins' Order.  Specifically, the Culps request an award of expenses related to the FWPD Defendants' filing of the instant Rule 72 Objection.  While the award of appellate expenses is consistent with Rule 37(b), *Tamari v. Bache & Co.*, 729 F.2d 469, 475 (7th Cir. 1984), the Court to declines to impose such sanctions in this instance.  The current "appeal" is not as burdensome as an appeal to a Circuit Court.  Moreover, parties have a clear right to have nondispositive matters referred to a Magistrate Judge reviewed by a District Court Judge. Thus, it is not sound judicial procedure to hinder or "chill" that right in any way.

---

[1] The FWPD Defendants also take issue with Magistrate Judge Collins' ruling that the Culps had satisfied the "meet and confer" requirement of Rule 37 and Local Rule 37-1.The record shows that the parties exchanged emails regarding the discovery but were unable to reach an agreement. While the FWPD Defendants would apparently have preferred to continue to beat a dead horse, nothing in the Rules requires the Culps to do so.

Conclusion

On the basis of the foregoing, the FWPD Defendants' Objection [DE 80] is hereby DENIED. The FWPD Defendants are hereby ORDERED to fully and completely answer Interrogatories Nos. 2, 3, 6, and 7.

Entered: May 7, 2021.

s/ William C.  Lee
William C. Lee, Judge
United States District Court
