# Exhibit 1

# FORT WAYNE POLICE DEPARTMENT
IN-CAR VIDEO EQUIPMENT POLICY
OP97-1706

**I.    Purpose:**

The purpose of this policy is to establish guidelines for all sworn personnel regarding in-car video equipment installed in departmental vehicles.  *Violation of any part of this policy will be treated as a Class E Rules and Regulations Violation. (3.01 Obedience of Orders).*

Recorded in-car video media shall be treated as evidence.  *Intentional alteration or destruction of in-car video media will result in additional disciplinary actions and/or criminal prosecution.*

**II.    Policy:**

The Fort Wayne Police Department requires the routine use of in-car video equipment which has been installed in departmental vehicles for the purpose of collecting evidence for use in prosecuting law violators, providing protection for its officers and promoting a higher level of service for the public.

It shall be the policy of the department to mandate the recording of ***all actual or potential suspect encounters***, including:
- traffic stops;
- disturbances involving weapons or violence;
- traffic crash investigations;
- vehicle pursuits;
- foot pursuits;
- suspicious persons;
- suspicious vehicles;
- prisoner transports;
- mental health (CIT) investigations;
- vehicle tows/inventories;
- vehicle searches;
- any situation where the officer anticipates that use of force may be necessary;
- any investigation where suspect(s) are or may still be on scene.

Additionally, officers may record any other investigation in which they believe in-car video equipment will serve to document their investigation more effectively.

**III.    Equipment installation and operation procedures:**

- A. In-car video equipment will be installed in department vehicles based on availability of equipment and upon the recommendation of the commanding officer of the division.

- B. Officers to whom the equipment is issued shall be responsible for routinely inspecting the equipment and arranging radio shop maintenance or repair of that equipment through their supervisors. Officers shall ensure that their in-car video equipment displays the correct PE number, date and time. Supervisors shall ensure compliance with this section during vehicle inspections.

- C. Officers shall not alter in-car video equipment installation locations or configurations without prior command authorization. All repair and maintenance of in-car video equipment will be done by the departmental radio shop.

- D. In-car video equipment shall be configured to begin recording automatically when the emergency lights are operating or when manually activated by the officer's turning on the remote microphone.

    1. While on duty, officers shall have the remote microphone on their person with the power on.
    2. Officers' remote microphones shall remain activated anytime the in-car video is recording.
    3. Officers should turn down AM/FM radios and other interior audio when in-car video is recording.

- E. In-car video recordings generated on department equipment are, and shall remain, the property of the Fort Wayne Police Department, and shall not be duplicated or released outside of the department without proper authorization as set out in this procedure.

- F. Officers shall inform those who ask when in-car video equipment is recording.

- G. Only department-supplied recording media shall be used with in-car video equipment.

- H. When writing a report, officers shall document in the body thereof the existence of in-car video as it relates to the incident being investigated. Additionally, officers shall add the code **CCAM** (In-Car Camera Recording) to the Circumstances field of the report's Spillman Law record.

IV. **Maintenance of blank and recorded media (not applicable to WatchGuard 4RE systems):**

- A. Only department-supplied blank recording media shall be used with in-car video equipment.

    B.    Officers shall have the responsibility of inserting blank recording media into their in-car video equipment immediately after removing previously-recorded in-car video media.

    C.    Officers shall generate a "16V" control number immediately after putting new blank recording media into their assigned in-car video equipment. If a "16V" control number is not subsequently utilized to submit recorded in-car video media into continuity due to equipment malfunction, maintenance, reinstallation, or clerical error, a report explaining the circumstances is required under that same control number.  Officers shall remove recorded in-car video media at least once per month, unless done more frequently.  Officers shall remove recorded in-car video media whenever a felony arrest is made, or when requested to do so by a supervisor or detective.

    D.    After removing recorded in-car video media from their equipment, officers shall immediately place that recorded in-car video media into continuity using established handling procedures, including a continuity form that includes: 1) officer's name, 2) PE number and 3) vehicle number.

    E.    Officers assigned disc-based in-car video equipment (OEM or Watchguard) are not required to complete a Video Tape Custody Log.

**V.**    **Documentation of recorded events (not applicable to WatchGuard 4RE systems):**

    A.    Whenever the in-car video system has been activated and a FWPD control number has been assigned to the incident, officers **are required** to document the existence of in-car video for the incident by attaching the relevant ("16V") control number to that incident in the Spillman law record as an "associated report" involvement.

    B.    Officers **are not required** to attach these in-car video ("16V") control numbers to incidents where an officer had testing done or an inadvertent activation of the in-car video system.

**VI.**    **Copying of recorded events:**

    A.    **Any** display of a recording other than that normally required in conducting police duties or police training shall be approved, in advance, by the Chief of Police.

    B.    Copied media is furnished to the requesting entities for the express use of the requestor and further duplication and/or distribution is prohibited without the express written authorization of the Chief of Police

    C.     Routine copy requests of departmental in-car video media for investigation and prosecution shall not require specific approval:

        1.     Requests from the Allen County Prosecutor's Office;
        2.     Requests from the US Attorney's Office;
        3.     Requests from the Investigative Support Division;
        4.     Requests from Internal Affairs/Office of Professional Standards;
        5.     Requests from outside law enforcement agencies that document a legitimate investigative need;
        6.     Requests from the City Attorney or legal firms representing the City of Fort Wayne;
        7.     Requests from attorneys using the subpoena process.

    D.     All copy requests will be documented by evidence personnel in the evidence management table of the recorded media's assigned ("16V") control number.  (Not applicable to WatchGuard 4RE system video)

    E.     All non-routine copy requests of departmental in-car media, including those for training purposes, shall be made to, and approved by, the Chief of Police or his designee.

        1.   The case to which the tape or tape segment is relevant <u>must have been adjudicated</u> in the initial (lower level) court having jurisdiction before approval for use as a training aid.

## VII.   WatchGuard 4RE in-car video equipment

   A.  The rear facing camera should be activated only when the rear seat is occupied so as to preserve storage space on the WatchGuard Evidence Library system.

   B.  Video shall be offloaded from the in-car DVR at one of the access point locations prior to the hard drive becoming completely full or before the end of the officer's four day rotation, whichever comes first.

   C.  Officers shall offload video at one of the access points when an incarceration has been made or requested to do so by a supervisor or the detective bureau.

   D.  Officers should exercise sound reasoning when choosing which events to save in Maximum Resolution so as to preserve storage space on the Evidence Library system.

   E.  Whenever the in-car video system has been activated, officers shall input the FWPD control number into the video system when one has been issued for the incident.

   F.  Inadvertent video or video recorded for testing purposes without an attendant control number should be labelled with an "X" in the CaseNumber event tag.

G. If another recording is begun prior to the assignment of event tags, officers should contact a member of ISTU (Spillman Unit) to provide the missing information, or add the missing information themselves via the systems' "Review" function.

H. In-car video stored in the WatchGuard Evidence Library system shall be retained for a minimum of two years. Extensions of this retention period will be considered on a case by case basis.

## VIII. Compliance assessments

The Office of Professional Standards shall conduct periodic audits to ensure compliance with this policy.

**Approved:**

Date: 4/19/17

Stephen R. Reed
Chief of Police

**Supersedes:**

1. FWPD SOP OP97-1706, "Mobile Audio/Video Recording Equipment Policy," Revised March, 2017.
2. FWPD SOP OP97-1706, "Mobile Audio/Video Recording Equipment Policy," Revised August, 2016.
3. FWPD SOP OP97-1706, "Mobile Audio/Video Recording Equipment Policy," Revised November, 2014.
4. FWPD SOP OP97-1706, "Mobile Audio/Video Recording Equipment Policy," Revised May, 2012
5. FWPD SOP OP97-1706, "Mobile Audio/Video Recording Equipment Policy," Revised July, 2006
6. FWPD SOP OP97-1706, "Mobile Audio/Video Recording Equipment Policy," Revised November, 2002
7. FWPD SOP OP97-1706, "Mobile Audio/Video Recording Equipment Policy," Revised May, 1998
8. FWPD SOP OP97-1706, "Mobile Audio/Video Recording Equipment Policy," Revised January, 1997.