UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CARL CULP, ROBERTA CULP,<br><br>    Plaintiffs,<br><br>    v.<br><br>WHITNEY WOODS, STEVAN SCHULIEN,<br><br>    Defendants. | Case No. 1:19-CV-106 JD |

## OPINION AND ORDER

On February 7, 2023, Plaintiffs Carl Culp and Roberta Culp filed a motion to read the deposition testimony of Denise Weaver, at trial, if necessary. (DE 174.) The Court directed Defendants Whitney Woods and Stevan Schulien to file a response to this motion by February 15, 2023, which they failed to do. (DE 175.) Accordingly, this motion is ripe for review.

The Court now grants the motion. Under Rule 804(b)(1) of the Federal Rule of Evidence, testimony is not excluded by the "rule against hearsay if the declarant is unavailable as a witness" and the testimony "was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one [and] is now being offered against a party who had – or, in a civil case, whose predecessor in interest had – an opportunity and similar motive to develop it by direct, cross-, or redirect examination." Here, the Culps indicate that a declarant who they initially anticipated calling as a witness, Ms. Denise Weaver, is unavailable because, even after hiring a private investigator, they have been unable to locate her for the service of a subpoena. *See* Fed. R. Evid. 804(a)(5) (explaining that a declarant is "unavailable as a witness" if the declarant "is absent from the trial or hearing and the statement's proponent has not been able, by process or reasonable means, to procure . . . the declarant's

attendance, in the case of a hearsay exception under Rule 804(b)(1)"). Furthermore, Plaintiffs represent that the Defendants, through defense counsel, had an opportunity and motive to develop the testimony of Ms. Weaver during a prior deposition. (DE 174.) Accordingly, it appears that Plaintiffs have established that Ms. Weaver's deposition testimony is admissible under Rule 804(b)(1) and not excluded under the rule against hearsay. Furthermore, the Defendants failed to file a response and therefore do not object to granting this motion.

Accordingly, the Court GRANTS the motion. (DE 174.)

SO ORDERED.

ENTERED: February 16, 2023

/s/ JON E. DEGUILIO
Chief Judge
United States District Court